## PENNIMAN *vs.* PIERSON.

### *In Error.*

A sound price is not *per se* a warranty of the soundness of the article sold, and the vendor of personal property, who has a title thereto, and is not guilty of any fraud in selling the same, and does not expressly warrant its soundness, is not liable for any latent defects or unsoundness therein.

*Chittenden,*
January,
1824.

THIS was a Writ of Error brought by Penniman to reverse a judgment which Pierson had recovered against him at the County Court holden for this County in February, 1822.

The original action was commenced before a Justice of the Peace, and came to said County Court by appeal; in which Court Pierson declared against Penniman, for that whereas heretofore to wit on the 20th day of March, 1820, in consideration that the said

Pierson would purchase of the said Penniman a yoke of oxen, and would pay him therefor a certain sum, to wit, the sum of $80, he the said Penniman undertook and faithfully promised the said Pierson, that said oxen were healthy and sound; and the said Pierson says that he, confiding in the said promise and undertaking of the said Penniman, did then and there buy of the said Penniman the said yoke of oxen, and pay him therefor the said sum of $80. And the said Pierson further saith that the said Penniman hath not kept or performed his said promise and undertaking, in this behalf, because he says that one of the said oxen at the time of the sale was unhealthy, sick, and unsound, and of no value.

Chittenden,<br>January,<br>1824.<br><br>Penniman<br><em>vs</em><br>Pierson.

To this declaration the defendant in the Court below pleaded the general issue, and the Jury returned a verdict for the plaintiff; and thereupon the defendant below filed a bill of exceptions, on which this writ of error was brought.

The exceptions taken to the opinion of the Court below, will sufficiently appear by the opinion of this Court delivered by

WILLIAMS, J. On the trial of this action in the Court below, the Court were requested to charge the Jury "that they could not find a verdict against the defendant, unless the plaintiff proved an express warranty or fraud." The Court refused so to charge the Jury, and charged them, that if the defendant sold the ox, mentioned in the plaintiff's declaration, for what he was worth, if sound, the law implied a warranty.—That a sound price implies a warranty that the article sold is sound where there is no visible defect.

A bill of exceptions was tendered to this and other parts of the charge of the Court. A verdict passed for the plaintiff below, and the cause comes here on a writ of error. As the Court are of opinion that the charge before recited is erroneous, it is unnecessary to examine the other errors which are assigned.

It was a doctrine of the civil law, that a sound price implies a warranty of the soundness of the commodity sold. This doctrine has been established by a series of decisions in the State of Connecticut, and in the Courts of North Carolina and South Carolina. An opinion has been entertained by some, that the same principle has been adopted in this State, and it still has many advocates, as being the most conformable to good policy and the rules of equity and morality. But it is certain, that this is not the doctrine of the

*Chittenden,*
*January,*
*1824*

Penniman
*vs.*
Pierson.

common law, and although an opinion was formerly current in England, that a sound price given for a horse, is tantamount to a warranty of soundness, yet when it came to be sifted it was rejected as loose and unsatisfactory. And no rule is now better established and considered as not admitting of a doubt in the Courts of Great Britain, than that the vendor of personal property, acting in good faith, not guilty of any fraud, is not responsible for any latent defects or unsoundness in the article sold, *unless* he has rendered himself responsible by an express warranty. The same rule has been adopted in New-York, in Pennsylvania and Massachusetts, and it is believed in most of the States of the Union. The maxim of the common law is, *caveat emptor ;* and when it is known and properly understood, it cannot with propriety be said to contravene the principles of equity or morality. The purchaser can protect himself against any latent defects in the article he contracts for, by requiring an express warranty; and if this warranty be refused, it is understood both by the purchaser aud vendor, that the risque is upon the purchaser, and the price is fixed accordingly.

Indeed the rule of the common law seems to be well established, and upon reasons so satisfactory, that the Court are not at liberty to depart from it, and would have no disposition so to do, if the question were not considered as settled.

The opinion of the Court is, that a sound price is not *per se* a warranty of the soundness of the article sold, and that the vendor of personal property, who has a title thereto, and is not guilty of any fraud in selling the same, and does not expressly warrant its soundness, is not liable for any latent defects or unsoundness therein. The judgment of the County Court is therefore reversed,